IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VICTOR B. MATTHEWS                                                    PLAINTIFF

vs.                              Civil No. 4:10-cv-04046

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Victor B. Matthews ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The

parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.  ECF No. 4.[1]  Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

**1. <u>Background:</u>**

Plaintiff protectively filed an application for DIB on January 18, 2008.  (Tr. 12, 112-121,

147).  Plaintiff alleged he was disabled due to several different impairments, including back pain;

shoulder pain; right hip pain; and difficulty lifting, bending, and twisting.  (Tr. 151).  Plaintiff

alleged an onset date of July 24, 2007.  (Tr. 12, 114).  This application was denied initially and again

upon reconsideration.  (Tr. 64-65).  Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The transcript pages
for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted.  (Tr. 23-63, 85-86).

Plaintiff's administrative hearing was held on April 7, 2009 in Texarkana, Arkansas.  (Tr. 23-63).  Plaintiff was present and was represented by counsel, James Wiley, at this hearing.  *Id.* Plaintiff, Vocational Expert ("VE") Howard Marnan, and Medical Expert ("ME") Dr. George Weilepp testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had completed high school.  (Tr. 28-29).

On June 1, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 12-22).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011.  (Tr. 14. Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 24, 2007, his alleged onset date.  (Tr. 14-16, Finding 3).  The ALJ determined Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease and hypertension.  *Id.*  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift or carry occasionally 20 pounds and 10 pounds frequently; sit for 6 hours out of an 8-hour workday; stand or walk 6 hours of an 8-hour work day; the upper extremities would be limited to occasional pushing and pulling; the claimant can frequently climb ramps or stairs, balance, stoop, kneel, crouch and crawl, but should never climb ladders, ropes, or scaffolds.

2

> The claimant is precluded from heavy industrial driving but light industrial driving is not precluded.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20-21, Finding 6). The ALJ determined Plaintiff's PRW included work as a tire builder (medium, semiskilled). (Tr. 20-21, Finding 6). Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.* The ALJ found, however, that considering his RFC, age, education, and work experience, Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). The ALJ based this finding upon the testimony of the VE. (Tr. 21-22, Finding 10).

Specifically, the VE testified that, given all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of cashier with 20,000 such jobs in the Texas/Arkansas region and border areas and 200,000 such jobs in the nation; ticket seller with 7,000 such jobs in the Texas/Arkansas region and border areas and 70,000 such jobs in the nation; and electronics worker with 2,000 such jobs in the Texas/Arkansas region and border areas and 20,000 such jobs in the nation. (Tr. 22). The ALJ then found Plaintiff had not been under a disability, as defined by the Act, at any time from July 24, 2007, his alleged onset date, through the date of her decision or through June 1, 2009. (Tr. 22, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 7, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 8, 2010. ECF No. 4. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 7 at 1-9.  Specifically, Plaintiff claims the ALJ erred (1) by finding he did not suffer from an impairment that met one of the Listings; (2) in evaluating his RFC; and (3) in evaluating his subjective complaints.  Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address the third issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

6

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely stated the *Polaski* factors, summarized Plaintiff's medical records, listed Plaintiff's subjective complaints of disabling limitations, and then stated the following: "This testimony regarding daily activities and over-the-counter pain medication is not indicative of disabling levels of pain."  The ALJ also went on to state:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment with a range of light work.

(Tr. 18).

Because the ALJ stated no inconsistences and apparently did not attempt to comply with *Polaski*, this case must be reversed and remanded.[3]  Further, on remand, when evaluating Plaintiff's subjective complaints, the ALJ should fully consider Plaintiff's impressive work history.  Based upon the record, Plaintiff worked in private industry at the same company for over thirty years.  (Tr. 30).  Such a work history suggests Plaintiff's subjective complaints may be more credible than the ALJ determined.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

---

[3]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

     **ENTERED** this **15th day of June, 2011.**

                                     /s/   Barry A. Bryant
                                     HON. BARRY A. BRYANT
                                     U.S. MAGISTRATE JUDGE